IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 20, 2018 Session

## JASON GARNER WILLIAMS v. STACY BROWN WILLIAMS

**Appeal from the Chancery Court for Weakley County**
**No. 23272     W. Michael Maloan, Chancellor**

_____

### No. W2017-02023-COA-R3-CV

_____

This is a divorce case. The trial court entered a final decree of divorce designating Husband as the primary residential parent for the parties' minor child and concluding that Husband is not under-employed for purposes of calculating child support. Because the trial court did not make sufficient findings of fact and conclusions of law as required under Tennessee Rule of Civil Procedure 52.01, we vacate the trial court's judgment as to the issues raised on appeal.

**Tenn. R. Civ. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S. and ARNOLD B. GOLDIN, J., joined.

Shon D. Johnson, Paris, Tennessee, for the appellant, Stacy Brown Williams.

James T. Powell, Union City, Tennessee, for the appellee, Jason Garner Williams.

## OPINION

Jason Williams ("Appellee" or "Husband") and Stacy Williams ("Appellant" or "Wife") were married on February 8, 2013, and they had one child born in October 2013. Husband filed a complaint for divorce on November 6, 2015, and the trial court entered the final decree of divorce on September 11, 2017. The final decree of divorce provides:

> The court has considered all the relevant statutory factors in T.C.A. §36-6-106 regarding custody of the parties' minor child. The court finds that both parents have a strong relationship with their minor child and the wife has

performed the majority of parenting responsibilities. Each parent has complied with the temporary parenting order and the court finds no reason to believe they will not honor future orders. The court further finds that both parents are disposed to provide for the minor child and both parents love the child and have strong emotional ties. The wife has been the primary caregiver due to the husband's past employment. There is no proof of any development or emotional needs of the child except for his vision problems. The moral, physical, mental and emotional fitness of the parents requires more detail. Both parent drink alcohol at times to excess. The wife has cirrhosis of the liver and spent two months in the hospital and almost died, although she testified that she does not presently drink alcohol. Both parents presently have a DUI conviction. The husband's conviction was before the parties' 2013 marriage. The wife's conviction occurred in February of 2014, while the child was in the car. The wife is a convicted felon and pled guilty to stealing $34,000.00 from her former employer and is on probation. The child has an extensive relationship with his paternal grandparents as well as the wife's extended family. The Court further finds that the child has lived in a stable, satisfactory environment in both parents' homes, however, there is no preference of the minor child due to his age. Both parents have been physically abusive to each other at times in the presence of their son. The husband pled guilty to domestic abuse. Both parents presented pictures of abuse - black eye, bite marks. Other persons in the home is not an issue. The husband has changed employment so that he may be at home every night with the child. The wife is unemployed, but stated that she is physically able to work but has chosen not to work. At times, both parents have exercised poor judgment in the relationship and parenting. Having considered all of the relevant factors in this cause, the Court finds that designating the husband as the primary residential parent for the minor child is in the child's best interest.

The trial court further found that "Husband is not under-employed based on the facts," but did not state with specificity the facts on which it relied.

Wife appeals and raises four issues for review as stated in her brief:

1. Whether the trial court erred by designating Father as the primary residential parent.
2. Whether the trial court erred by finding that Father was not underemployed for purposes of calculating child support.
3. Whether the trial court erred in denying Mother's request for alimony.
4. Whether the trial court erred by denying Mother's request for attorney's fees.

We do not reach the substantive issues because the trial court's order fails to make sufficient findings of fact and conclusions of law so as to give this court the basis to review the trial court's ultimate disposition. Tennessee Rule of Civil Procedure 52.01 states that "[i]n all actions tried upon the facts without a jury, the court *shall* find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." (emphasis added). This requirement is not a "mere technicality." ***Hardin v. Hardin***, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *3 (Tenn. Ct. App. Dec. 27, 2012) (quoting ***In re K.H.***, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. 2009)). "[F]indings and conclusions facilitate appellate review by affording a reviewing court a clear understanding of the basis of the trial court's decision." ***Lovlace v. Copley***, 418 S.W.3d 1, 34 (Tenn. 2013). Additionally, findings of fact "evoke care on the part of the trial judge in ascertaining and applying the facts. Indeed, by clearly expressing the reasons for its decision, the trial court may well decrease the likelihood of an appeal." ***Id.*** at 34-35 (internal citations and footnotes omitted).

Although there is no bright-line test by which to assess the sufficiency of factual findings, generally "the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue." ***Lovlace***, 418 S.W.3d at 35 (citing 9C Charles Wright et al., Federal Practice and Procedures § 571 at 219-233 (3d ed. 2005)). "Simply stating the trial court's decision, without more, does not fulfill [the Rule 52.01] mandate." ***Cain-Swope v. Swope***, 523 S.W.3d 79, 86 (Tenn. Ct. App. 2016), *perm. app. denied* (Tenn. Apr. 12, 2017) (quoting ***Gooding v. Gooding***, 477 S.W.3d 774, 782 (Tenn. Ct. App. 2015)); *see* ***Barnes v. Barnes***, No. M2011-01824-COA-R3-CV, 2012 WL 5266382, at *8 (Tenn. Ct. App. Oct. 24, 2012).

As set out above, the trial court's order states that it "considered all the relevant statutory factors in T.C.A. §36-6-106 regarding custody of the parties' minor child." Tennessee Code Annotated section 36-6-106 lists fourteen (14) specific factors, which the trial court should consider in designating a child's custody arrangement. The trial court's order recites certain facts but does not weigh those facts against the statutory factors. For example, Tennessee Code Annotated section 36-6-106 (a)(8) allows the trial court to consider the "moral, physical, mental and emotional fitness of each parent as it relates to their ability to parent the child." Here, the trial court's order enumerates several facts including Mother's felony conviction, and the parties' alcohol and DUI issues; however, the court does not specifically conclude that one parent is more emotionally fit to care for the child. Although the trial court found evidence of physical violence against both parties, Husband pled guilty to domestic abuse and it is unclear from the order whether the trial court followed the mandate of Tennessee Code Annotated section 36-6-406 in reaching its decision to designate Father as the primary residential parent. Without more details in the trial court's order, it is difficult to discern

the basis on which the trial court concluded that Father's guilty plea to domestic abuse did not militate against designating the Father as the primary residential parent. In this case, the trial court found that both parties are disposed to provide for the minor child, but does not weigh that against the fact that Wife has chosen not to work and to financially rely on her family. It is for the trial court to specifically state how or why the relevant facts bear in favor of one parent over the other. Here, the trial court failed to make that determination. As such, the order falls short of the Rule 52 mandate, by failing to make sufficient conclusions of law in relation to the primary residential parent. Concerning child support, the trial court held that "Husband is not under employed based on the facts," but the court did not find those facts specifically. As such, "[T]his court is left to wonder on what basis the court reached its ultimate decision." *In re Estate of Oakley*, No. M2014-00341-COA-R3-CV, 2015 WL 572747, at *10 (Tenn. Ct. App. Feb. 10, 2015) (quoting *In re Christian G.*, No. W2013-02269-COA-R3-JV, 2014 WL 3896003, at *2 (Tenn. Ct. App. Aug. 11, 2014)); *see In re K.H.*, No. 2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009).

When a trial court's order fails to meet the requirements of Rule 52.01, "the appropriate remedy is to 'vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law.'" *Roney v. Nordhaus*, No. M2014-02496-COA-R3-CV, 2015 WL 9594638, at *2 (Tenn. Ct. App. Dec. 30, 2015) (quoting *Hardin*, 2012 WL 6727533 at *5); *see also Lake v. Haynes*, No. W2010-00294-COA-R3-CV, 2011 WL 2361563, at *1 (Tenn. Ct. App. June 9, 2011). Because the trial court did not comply with Rule 52.01, we cannot conduct a meaningful review. Accordingly, we vacate the judgment of the trial court as to the issues on appeal and remand the case with instructions to enter an order, which is compliant with Tennessee Rule of Civil Procedure 52.01.

For the foregoing reasons, the judgment of the trial court is vacated as to the issues on appeal, and the case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed one-half to the Appellant, Stacy Williams and her surety, and one-half to the Appellee, Jason Williams, for all of which execution for costs may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE